# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO GALINDO, | CASE NO. 1:04-CV-5204-REC-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER |
| ISSAC RAMIREZ, et al., | SECTION 1983 |
| Defendants. | (Doc. 11) |
| _____/ | |

I.  Findings and Recommendations Following Screening of Amended Complaint

   A.  Procedural History

   Plaintiff Arturo Galindo ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 30, 2004.  On August 5, 2004, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted.  On October 27, 2004, plaintiff filed an amended complaint.

   B.  Screening Requirement

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

3      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

6  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

7  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

8  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

9  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

10  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

11  U.S. 411, 421 (1969).

12      C.      Summary of Plaintiff's Amended Complaint

13      The events at issue in the instant action allegedly occurred at California Substance Abuse

14  Treatment Facility and State Prison-Corcoran, where plaintiff was incarcerated at the time.[1]  Plaintiff

15  names inmate Issac Ramirez and Sylvia Rodarte as defendants.

16      In his amended complaint, plaintiff alleges that his television set was damaged when his

17  cellmate, inmate Ramirez, a diabetic who was suffering from low blood sugar, grabbed plaintiff's

18  television as he was descending from the top bunk and caused the television to fall to the floor and

19  break.  Plaintiff alleges that inmate Ramirez and his wife or girlfriend, defendant Sylvia Rodarte,

20  attempted to compensate plaintiff but at the time, plaintiff was not allowed to receive any special

21  packages.

22      D.      Plaintiff's Claim

23  The Civil Rights Act under which this action was filed provides:

24          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
25          of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,
26          or other proper proceeding for redress.

27

28      _____

        [1] The court takes judicial notice of its screening order filed on August 5, 2004.  (Doc. 7, 2:10-11.)

                                        2

1  42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must plead (1) that the defendant

2  acted under color of state law and (2) that the defendant deprived him of rights secured by the

3  Constitution or federal statutes.  <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986).

4  Defendants Ramirez and Rodarte are private parties and were not acting under color of state law.

5  <u>See</u> <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991).  Further, the accidental destruction of

6  plaintiff's television set does not rise to the level of a constitutional violation.  <u>Hudson v. Palmer</u>,

7  468 U.S. 517, 533 (1984).  Therefore, plaintiff fails to state a claim upon which relief may be granted

8  under section 1983.  To the extent that plaintiff has a remedy against defendants for the loss of his

9  television set, federal court is not the proper forum for the claim and section 1983 is not the proper

10  legal basis for the claim.

11     E.     <u>Conclusion</u>

12     The court finds that plaintiff's amended complaint does not contain a claim upon which relief

13  may be granted under section 1983.  Plaintiff was previously given leave to amend to cure the

14  deficiencies in his claim but was unable to do so.  In this instance, it would be futile to allow plaintiff

15  leave to amend his claim.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, based

16  on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice,

17  for failure to state a claim upon which relief may be granted under section 1983.

18     These Findings and Recommendations will be submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

20  **days** after being served with these Findings and Recommendations, plaintiff may file written

21  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

22  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

23  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

24  1153 (9th Cir. 1991).

25

26  IT IS SO ORDERED.

27  **Dated:    October 2, 2005**              **/s/ Sandra M. Snyder**
    icido3                       UNITED STATES MAGISTRATE JUDGE

28